Nott, J.
delivered the opinion of the Court.
The only question, which it is necessary for us to examine, is, whether the party, supposed to be aggrieved, is intitled to an appeal from the Judge below. This appears to be the first time that the question has been raised, although it has not escaped the attention of the Court. In the case of King a. Kelly, which has been decided during the present term, we doubted whether we ought to have entertained the appeal: but as we were not disposed to interfere with the decision, and the objection had not been made by the counsel, we concluded to dismiss the motion upon its. merits. I am satisfied, however, that the decision of the Judge below must be final and conclusive. It is a general rule; that an appeal is not to be allowed from an inferior tribunal, except where it is expressly granted by law. It is not only a rule of the Eng *210 lish Courts, but it is one by which our Courts have uniformly ^66!1 g0vel.nRC¡. Appeals therefore have not been allowed from the courts of ordinary, the courts for the trial of slaves, orto determine the validity of elections, military courts, nor from any other tribtinal to which a portion of the judicial power has been assigned, unless authorized by an act of the Legislature. Neither have, we ever entertained appeals from any decision of a Judge at chambers, except in a few enumerated cases, which have been lately authorized by law. I think, therefore, that, upon legal principles, an appeal ought not to be allowed.
The same inference may also be drawn from the inconveniences which would result from such a practice. Disputes of this sort are usually of a domestic nature, and require to be promptly decided. The whole object of the complaint would, in most cases, be defeated by an appeal. If the appeal from the magistrates’ court was required to be carried to the Circuit Court, I think an appeal would have lain to this Court. But the appeal is to the Judge and not to the Court. The Judge therefore is to be considered as a special tribunal, erected pro re nata, in which the prompt and ready relief, which the nature of the case requires, may be administered. The cases must usually be of such a nature as .to depend very much upon the discretion of the Judge, and upon evidence, of which he will have more ample means of judging correctly, than this Court can possess. And although I am not satisfied, that this is a case, in which all the sympathy ought to have been indulged which the Judge appears to have felt, I think it is probably one in which this Court would not have disturbed the decision, even if we had gone into the merits of the case. I am of opinion however, that the party is not intitled to an appeal, and the motion must therefore be refused.
Motion refused.